IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20151-CR-MARTINEZ

UNITED STATES OF AMERICA,

   Plaintiff,

VS.

FRANCKLIN PIERRE

   Defendant.
_____/

**DEFENDANT PIERRE'S MOTION TO COMPEL BUREAU OF PRISONS TO COMPLY WITH COURT'S ORDER FROM JULY 17, 2015, OR IN THE ALTERNATIVE, HOLD BUREAU OF PRISONS IN CONTEMPT FOR FAILURE TO OBEY COURT ORDER AND REQUEST FOR SANCTIONS**

  Francklin Pierre, through counsel, hereby moves to compel the bureau of prisons to comply with the Court's order from July 17, 2015, or in the alternative, hold the Bureau of Prisons in Contempt for Failure to Obey Court Order and Request for Sanctions, and in support thereof states:

  1. On July 17, 2015, this Court entered an Order Modifying Mr. Pierre's pretrial detention order to allow for family visitations of Pierre at the Local Hospital. (DE:102.) The Court ordered that one family member per day be allowed to visit Mr. Pierre for no more than two (2) hours a day during the visitation hours of the local hospital. *Id.* The court specified that only family members approved by FDC can visit Mr. Pierre, and all family visitors will be subjected to a full body search at the discretion of the two on-duty BOP guards assigned to Mr. Pierre. *Id.*

  2. On July 20, 2015, Mr. Pierre's sister, Marie Blot (previously approved to visit Mr. Pierre at FDC), then went to the local hospital to visit Mr. Pierre. She had the Court's order in her

possession. Upon arriving at the ICU she was informed that Mr. Pierre was no longer there and to please wait. Thereafter, a BOP guard approached her and told her she could not visit Mr. Pierre. She explained to the guard that the district court approved family visitation of one person per day for two hours. The guard told her that she would have her arrested if she persisted. Ms. Blot requested that the guard review the order. The guard reviewed the order and then stated that the "Judges don't tell us what to do," her directives come from Ana Harper, and noone else. She then escorted her outside of the hospital.

3. Mr. Pierre is respectfully requesting that the Court order BOP to immediately comply with it's order.

4. In the alternative, Mr. Pierre moves for a contempt order and requests sanctions. District courts have inherent power to enforce compliance with orders through civil contempt. *United States v. Barnette*, 129 F.3d 1179, 1182 n.7 (11 Cir. 1997). Civil contempt orders are used by courts to compel compliance with an earlier court decree and exert pressure on a recalcitrant party. *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Once the defendant has made a prima facie showing, by clear and convincing evidence, that the Bureau of Prisons violated the Court's July 17, 2015 Order, the burden shifts to the Bureau of Prisons to produce evidence that it either did not violate the court order, or that it was excused from complying. *Id.* at 701. "[A] party subject to a court's order demonstrates inability to comply only by showing that he has made "in good faith all reasonable efforts to comply." *Id.* (citing *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976).

5. The Eleventh Circuit strictly construes the "in good faith and all reasonable efforts to comply" standard, requiring contempt sanctions where the party made "some effort," but not "all

reasonable efforts" to comply, or where the party presented only their own unsubstantiated testimony of their inability to comply. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984) ("some effort at compliance insufficient to avoid contempt); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986) (presentation of incomplete financial records does not satisfy requirement to make "all reasonable efforts."); *Hodgson v. Hotard*, 436 F.2d 1110, 1115 (5th Cir.1971) (unsubstantiated testimony of inability to comply insufficient to avoid contempt).

> We construe this requirement strictly. "Even if the efforts he did make were 'substantial,' 'diligent' or 'in good faith,' ... the fact that he did not make 'all reasonable efforts' establishes that [respondent] did not sufficiently rebut the ... prima facie showing of contempt. The ... use of a 'some effort' standard for measuring the strength of [the] defense [would be] an abuse of discretion."

*Combs*, 785 F.2d at 984 (quoting *Hayes*, 722 F.2d at 725 (citations omitted).)

6. Once a court determines that a defendant has not complied with the Court's order, the court may impose both coercive and compensatory sanctions. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). When devising sanctions to ensure compliance with its order, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* Appropriate sanctions may include a coercive daily fine, a compensatory fine, coercive incarceration, and attorneys' fees and costs. *Id.*

7. As explained above, despite this Court's order requiring the Bureau of Prisons to allow FDC approved members of Mr. Pierre's family to allow them to visit with him during regular visiting hours, the Bureau of Prisons refused to allow Mr. Pierre's sister entry and thereby failed to comply with this Court's Order. The Defendant has made a prima facie showing of the Bureau of Prison's failure to comply with the Order.

8. To avoid contempt, the Bureau of Prisons must prove that they have made "in good faith all reasonable efforts to comply." Mr. Pierre submits that they have not. In light of Mr. Pierre's serious health condition and the length of time that he has been without family, he has now been in the ICU for 34 days without seeing any family members, serious sanctions are necessary, so that the Bureau of Prisons' failure to comply with this Court's Order can be remedied as soon as possible. Mr. Pierre therefore requests that the Court impose a coercive daily fine of $2,000 per day to ensure compliance because the Bureau of Prisons' actions to date show their intention to disregard this Court's Order and for reimbursement of Ms. Blot's expenses for traveling to/from her home in Broward County to the local hospital.

9. Assistant United States Attorney Maria Medetis opposes this motion.

Mr. Pierre has shown by clear and convincing evidence that the Bureau of Prisons has violated this Court's July 17, 2015 Order.

**WHEREFORE**, Mr. Pierre respectfully requests that the Bureau of Prisons be ordered to comply with this Court July 17, 2015 order or held in contempt and fines and penalties imposed.

Respectfully submitted,

/s/ Marc D. Seitles
_____
Marc David Seitles
Fla. Bar No. 0178284

The Law Offices of Marc David Seitles, P.A.
Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, FL 33128
Tel: (305) 403-8070
Fax: (305) 403-8210
Email: mseitles@seitleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to Assistant United States Attorney Daniel Cervantes and Maria Medetis.

/s/ Marc David Seitles

_____
Marc David Seitles, Esq.